IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHASTITY JERNIGAN, #02210841 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv120 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Chastity Jernigan, a prisoner within the Texas Department of Criminal Justice proceeding *pro se*, filed this federal petition for a writ of habeas corpus challenging a Smith County conviction. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that Petitioner Jernigan's habeas petition be denied as time-barred, the case be dismissed with prejudice, and that she be denied a certificate of appealability *sua sponte*.

**I. Procedural Background**

Jernigan was charged with aggravated robbery. After entering into a plea agreement, on January 11, 2018, the trial court entered an Order of Deferred Adjudication—placing Jernigan on ten years' deferred adjudication probation, (Dkt. #13, pg. 57). Subsequently, on June 20, 2018, she pleaded "true" to the State's motion to adjudicate guilt, and the trial court determined that she violated the terms of her probation, adjudicated her guilty, and sentenced her to thirty years' imprisonment. *Id*. at pg. 100. Jernigan filed a direct appeal, and the appellate court affirmed the conviction on February 6, 2019, in a written opinion. *See Jernigan v. State*, 2019 WL 456898, at *1 (Tex. App.—Tyler, no pet.). She did not file a petition for discretionary review.

Jernigan filed a state habeas application on January 22, 2020, pursuant to the mailbox rule, (Dkt. #13, pg. 428). On March 31, 2021, the Texas Court of Criminal Appeals (TCCA) denied the application without written order on the findings of the trial court, without a hearing—and on the Court's own independent review of the record. *Id.* at pg. 457. Jernigan filed this federal petition, (Dkt. #1), on March 22, 2022.

## II. Jernigan's Habeas Claims

In her petition, Jernigan maintains that her "anti-social behavior issues and severe substance abuse" were not taken into account at sentencing, which resulted in a harsh sentence. She also contends that he has no criminal history, was nineteen years old and suffering from drug addiction at the time of the offense—which should grant her a time reduction on her sentence. Jernigan further insists that the victim "stated at trial and various other occasions he did not want to see her receive a prison sentence," (Dkt. #1, pg. 5-7). Finally, she states that she was medicated for bi-polar disorder, which resulted in "risky behavior."

## III. Respondent's Answer

After being ordered to do so, Respondent filed an answer, (Dkt. #14), addressing Petitioner's habeas petition. Respondent maintains that Petitioner's petition is untimely under the AEDPA.

## IV. Discussion and Analysis

Petitioner's federal habeas petition is indeed time-barred. An inmate must file a section 2254 motion within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States if removed, if the applicant was prevented from filing such State action;

2

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 imposes a general one-year statute of limitations.

  Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals). If a habeas petitioner has pursued direct relief through a state's highest court—which, here, would be the Texas Court of Criminal Appeals through a petition for discretionary review—then his conviction becomes final when the ninety-day time period for which to file a timely petition for a writ of certiorari expires with the Unites States Supreme Court. *See Foreman v. Dretke*, 393 F.3d 336, 338 (5th Cir. 2004).

  Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.").

  Here, Jernigan's conviction was affirmed on direct appeal on February 6, 2019. Because she did not file a petition for discretionary review, her conviction became final thirty days later on March 8, 2019. *See Roberts*, 319 F.3d at 694 ("Here, the one-year limitations period began to run on March 11, 2001, when the thirty-day period for filing a petition for discretionary review in state

3

court ended."); *see also Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010) ("Gonzalez's 'time for seeking further direct review in the state court' expired on August 11, 2006, the last date under the Texas Appellate Rules that he could petition for discretionary review of his judgment.").

Absent any tolling, then, Jernigan's federal petition was due no later than March 8, 2020. The docket reflects that Jernigan filed a state habeas application on January 22, 2020, and the TCCA denied it on March 31, 2021—tolling the limitations period by approximately 435 days, thereby extending her federal deadline until May 2021. Therefore, this March 2022 federal petition, (Dkt. #1), is time-barred.

The Court has determined that Jernigan is not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

Jernigan has not addressed the timeliness issue. She did not respond to Respondent's answer maintaining that her petition is time-barred. Further, her petition presents no extraordinary circumstances warranting equitable tolling. By waiting until March 2022 to file her federal petition, she failed to diligently pursue her rights. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th. Cir. 2010) ("We have stated that equity is not intended for those who sleep on their rights.").

Because Jernigan failed to show that she is entitled to equitable tolling, her petition should be denied as time-barred, and this case should be dismissed with prejudice.

### IV. Certificate of Appealability

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural

ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Jernigan failed to present a substantial showing of a denial of a constitutional right or that the issues she has presented are debatable among jurists of reason. She also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, she is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled petition for a writ of habeas corpus be denied as time-barred and that the case be dismissed, with prejudice. It is further recommended that Petitioner Jernigan be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 22nd day of August, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE